**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 14, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40826
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE DAVILA-SOLIS,
also known as Roberto Demetrio Godoy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 1:05-CR-1035-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Enrique Davila-Solis appeals his conviction of, and sentence for, illegal reentry after having been deported following a conviction of aggravated felony in violation of 8 U.S.C. § 1326(a) and (b). Davila-Solis contends the district court erred by applying an eight-level increase to his offense level, pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2(b)(1)(C), because the conviction that resulted in his deportation, misdemeanor assault in violation of TEX. PENAL CODE ANN. 22.01(a)(1), is not a crime of violence under 18 U.S.C. § 16 and does not constitute an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).

In United States v. Villegas-Hernandez, 468 F.3d 874 (5th Cir. 2006), this court determined that use of force is not an element of § 22.01(a)(1). The district court therefore erred in applying an enhancement based on this factor. The government concedes that based on Villegas-Hernandez, the court so erred, but the government asserts the error is harmless. Because, however, the government has failed to demonstrate beyond a reasonable doubt that the court would have imposed the same sentence absent the error, see U.S. v. Kay, 83 F.3d 98, 101 (5th Cir. 1996); U.S. v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005), the sentence is vacated, and this matter remanded for resentencing in accordance with this opinion.

Davila-Solis also challenges the constitutionality of the treatment of prior felony and aggravated felony convictions under 8 U.S.C. § 1326(b) as sentencing factors rather than elements of the offense that must be found by a jury. This challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Davila-Solis suggests that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), this court has repeatedly rejected such arguments and has declared Almendarez-Torres binding.

2

See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). <u>See also</u> <u>Rangel-Reyes v. United States</u>, 126 S. Ct. 2873 (2006). Davila-Solis concedes his argument is foreclosed but raises it preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED for resentencing.